IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEVEN SLOAN, | * |
|     Plaintiff, | * |
| v. | *    Civ. No. DLB-25-641 |
| LVNV FUNDING, LLC, *et al.*, | * |
|     Defendants. | * |

**MEMORANDUM OPINION**

Steven Sloan, who is proceeding without counsel, filed an action in the District Court for St. Mary's County, Maryland, alleging that LVNV Funding, LLC c/o Resurgent Capital Services, L.P. ("LVNV") and its president Bryan Faliero violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; are liable for copyright infringement and breach of contract; and committed identity fraud in violation of Md. Code Ann., Crim. Law § 8-301. On February 26, 2025, the defendants removed the action to federal court on the basis of federal question jurisdiction. On March 3, 2025, the defendants filed a motion to dismiss or, in the alternative, for a more definite statement. ECF 5. Sloan filed an opposition to the defendants' motion, ECF 8, and the defendants filed a reply, ECF 10. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, the defendants' motion, treated as a motion to dismiss, is granted.

**I.    Background**

The following facts are derived from Sloan's complaint, ECF 2, and from documents attached to the defendants' motion, ECF 5-2, 5-3, & 5-4. Sloan does not dispute the authenticity of those documents, and he explicitly relies on them in his complaint. Accordingly, the Court may consider them in ruling on the motion to dismiss. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

On January 8, 2025, Sloan received an unsigned letter from the defendants, dated January 3, 2025, requesting payment on a balance of $512.54. ECF 2, at 4. Sloan states that he "is without knowledge of the alleged debt the defendant[s are] claiming to be owed." *Id.* He further states that "[u]pon review of this alleged debt the owner has had no knowledge of conducting business nor receiving any services rendered by the plaintiff that would cause the plaintiff to become liable for the alleged debt."[1] *Id.*

On January 14, Sloan, via certified mail, sent the defendants documents he describes as (1) a "[c]ease and [d]esist [o]rder," (2) a "[n]o contact contract," and (3) a "request for validation including a contract of failure to validate to pay three (3) times the amount which equals $1,537.62." *Id.* The next day, he sent a second "request for validation" and second notices of the "[n]o contact contract" and "[c]ease and [d]esist [o]rder," and on January 17, he sent a third request and third notices of the same.[2] *Id.*

Each of the mailings contains a "Cease and Desist Demand" in which Sloan demands that LVNV "CEASE and DESIST any and all unlawful activities infringing on my property 'STEVEN SLOAN'" and states that "[i]f your offices attempt any telephone correspondences with me, including but not limited to, computer generated calls and reports to credit bureau(s) or any other correspondences sent to . . . any third parties," such action "will be considered a violation" of federal copyright law. ECF 5-2, at 2 (emphasis in original); *see* ECF 5-3, at 2; ECF 5-4, at 2. The

---

[1] It is unclear from Sloan's complaint whether the term "owner" refers to Sloan, one or both defendants, or some other individual or entity.

[2] Sloan does not attach any of these documents to his complaint. However, in their motion, the defendants state that Sloan emailed these documents to the defendants' counsel after filing this suit. ECF 5-1, at 3. The defendants have attached the contents of the three mailings as exhibits to their motion. *Id.* at 3 n.1. Sloan does not dispute the authenticity of these documents.

2

demands are dated January 11, January 14, and January 17, 2025, and each references an account number ending in 1908. ECF 5-2, at 2; ECF 5-3, at 2; ECF 5-4, at 2.

The mailings also each contain a "Notice of No Contact Contract," signed only by Sloan, stating that Sloan and the addressee "are hereby agreeing to continued contractual relations" and "to a Fee of 100 (one hundred) ounces of .999 pure fine GOLD per violation including but not limited to resale, assignment, purchase or transfer of interest to any Third Party Debt Collector." ECF 5-2, at 1 (emphasis in original); *see* ECF 5-3, at 1; ECF 5-4, at 1. These notices further state that it shall be a "violation" of the "contract" if the addressee communicates with Sloan by means "including but not limited to, phone, email, fax, text, or written communication." ECF 5-2, at 1; *see* ECF 5-3, at 1; ECF 5-4, at 1. These notices are dated August 11, 2020, August 14, 2020, and January 17, 2025. The August 11 and August 14 notices are addressed to "Resurgent Capital Services L.P." and reference an account number ending in 4309. ECF 5-2, at 1; ECF 5-3, at 1. The January 17 notice is addressed to "LVNV Funding LLC Care of Resurgent Capital Services L.P." and references an account number ending in 1908. ECF 5-4, at 1.

Finally, the mailings each contain a lengthy document titled "Notice of Claim Dispute/Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent/Applicable to All Successors and Assigns," addressed to LVNV and signed only by Sloan and a notary public. ECF 5-2, at 3–6; *see* ECF 5-3, at 3–6; ECF 5-4, at 3–6. These notices accuse LVNV of being "a third party intervener" and of being "in trespass of the private name Sloan, Steven Michallee (creditor) dba STEVEN SLOAN and his private information"; accuse LVNV of racketeering, mail fraud, and attempted theft and conversion; and request various pieces of evidence from which Sloan may "validate" the debt. ECF 5-2, at 3–4 (emphasis in original); *see* ECF 5-3, at 3–4; ECF

3

5-4, at 3–4. The notices are dated January 11, January 14, and January 17, 2025, and each reference an account number ending in 1908. ECF 5-2, at 3; ECF 5-3, at 3; ECF 5-4, at 3.

Sloan does not state what, if anything, the defendants did or did not do after receiving these three mailings.

Sloan filed suit, alleging LVNV and Faliero violated the FDCPA, are liable for copyright infringement and breach of contract, and committed identity fraud in violation of Maryland criminal law. Sloan states that as a result of the defendants' actions, his credit score and purchasing power have been damaged. ECF 2, at 5. He also states that he has experienced anxiety and insomnia and has been forced to "invest[] many hours into studying [and] preparing for this matter to defend [his] character and credibility as a consumer." *Id.* He seeks monetary damages totaling $4,537.62. *Id.*

## II.     Standard of Review

The defendants move to dismiss the complaint for failure to state a claim. Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer*

*Ministries, Inc. v. Baltimore Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the court must accept the allegations as true and "draw all reasonable inferences in favor of" the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765 (4th Cir. 2022) (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)). But the court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

The court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The court also may consider judicially noticed facts and documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak*, 780 F.3d at 606–07; Fed. R. Evid. 201(b).

Sloan does not have counsel. "[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal

construction does not require [the court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain "enough facts to state a claim for relief that is plausible on its face."'" *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King*, 825 F.3d at 214 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

### III. Discussion

#### A. FDCPA Claim

Sloan contends that the defendants violated the FDCPA. The defendants argue that this claim should be dismissed for failure to state a claim. The Court agrees with the defendants.

"The FDCPA aims to 'protect[] consumers from abusive and deceptive practices by debt collectors.'" *Jackson v. Sagal*, 370 F. Supp. 3d 592, 600 (D. Md. 2019) (quoting *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012)). To state an FDCPA claim, "a plaintiff must allege that: (1) 'the plaintiff has been the object of collection activity arising from a consumer debt'; (2) 'the defendant is a debt [] collector as defined by the FDCPA'; and (3) 'the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Id.* (quoting *Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F. Supp. 2d 577, 585 (D. Md. 2013) (alteration in original)). A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

Sloan's FDCPA claim fails at the first element. Sloan does not allege that the $512.54 debt that LVNV sought to collect from him constitutes a "consumer debt." Sloan provides no

information about the nature of the transaction that gave rise to the alleged debt. Without this information, the Court cannot plausibly infer that the transaction was primarily for "personal, family, or household purposes," *see* 15 U.S.C. § 1692a(5), and not for business or commercial purposes, *see Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 336 (4th Cir. 2012) (affirming summary judgment in favor of defendant on FDCPA claims where plaintiff failed to establish that his credit card debt constituted "consumer—as opposed to business or commercial debt"). Because Sloan has not alleged that he has been the object of collection activity arising from a consumer debt, he has not alleged the first element of an FDCPA claim.

Sloan also has not alleged the third element of an FDCPA claim: that the defendants engaged in conduct prohibited by the FDCPA. Though Sloan's allegations are difficult to discern, the Court understands him to accuse the defendants of violating three provisions of the FDCPA: 15 U.S.C. §§ 1692c(c), 1692e, and 1692g. *See* ECF 5-2, at 3 (telling LVNV that "you have no right to contact me on the above-mentioned alleged account" and that to "continue to do so upon receipt of this letter will place LVNV . . . in direct violation of Federal law, pursuant to **[15 USC Section 1692c(c), (e), & (g) et seq.]**") (emphasis and brackets in original); ECF 5-3, at 3 (same); ECF 5-4, at 3 (same).[3] Each statutory provision is addressed in turn.

1. **15 U.S.C. § 1692c(c)**

Section 1692c(c) provides that, "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer," the collector must cease communicating with the consumer "with respect to such debt" except for certain limited purposes. 15 U.S.C. § 1692c(c).

---

[3] 15 U.S.C. § 1692c does not have a subsection (e) or (g). The Court understands the latter two United States Code citations in the quoted excerpt to refer to 15 U.S.C. §§ 1692e and 1692g.

The only debt collection communication that Sloan challenges is a January 8, 2025 letter from LVNV to him requesting payment of $512.54. To state a violation of § 1692c(c) based on this letter, Sloan must allege that before he received it, he had notified the defendants in writing that he refused to pay the debt or that he wanted the defendants to stop communicating with him about the debt. He makes no such allegations. Instead, Sloan alleges that, *after* he received the January 8, 2025 debt collection communication, he sent three written notices to the defendants requesting that they cease contacting him. The defendants apparently honored that request because Sloan does not allege that they ever contacted him again about the $512.54 debt.[4]

Sloan thus fails to plausibly allege that the defendants violated § 1692c(c).

### 2. 15 U.S.C. § 1692e

Sloan also fails to plausibly allege that the defendants violated § 1692e. Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. For a misrepresentation to be actionable under § 1692e, it must be "material," meaning that "in addition to being technically false . . . [it] would tend to mislead or confuse the reasonable unsophisticated consumer."

---

[4] Two of Sloan's January 2025 mailings to the defendants contain "Notices of No Contact Contract" addressed to Resurgent Capital Services, L.P. that bear dates from August 2020. Even if the Court assumes that Sloan also sent these two "Notices of No Contact Contract" to the defendants in August 2020, Sloan's § 1692c(c) claim still fails. These notices appear to concern a totally different debt than the one the defendants contacted Sloan about in January 2025. Sloan's August 2020 communications concern a debt associated with an account number ending in 4309. *See* ECF 5-2, at 1; ECF 5-3, at 1. The defendants' January 8, 2025 communication concerns a debt associated with an account number ending in 1908. *See* ECF 5-2, at 3 ("I have received your fraudulent, unsigned debt collection letter dated January 03, 2025 *regarding Account/Reference No. . . . 1908.*") (emphasis added); ECF 5-3, at 3 (same); ECF 5-4, at 3 (same). "[A] debt collector's efforts to collect a debt separate from one which an individual refuses to pay (or directs a debt collector to cease collection efforts regarding) does not constitute a violation of 15 U.S.C. § 1692c(c)." *Evans v. Resurgent Capital Servs.*, No. JMC-23-2054, 2024 WL 1557200, at *3 (D. Md. Apr. 10, 2024).

*Richardson v. Shapiro & Brown, LLP*, 751 F. App'x 346, 350 (4th Cir. 2018) (quoting *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326–27 (6th Cir. 2012)).

Sloan refers to the defendants' actions as "fraudulent," "erroneous," and the like, but he does not support these conclusory allegations with any specific facts. He does not identify any misrepresentation or false, deceptive, or misleading tactic employed by the defendants in connection with their collection efforts. At best, he states that he is "without knowledge of the alleged debt the defendant[s are] claiming to be owed." ECF 2, at 4. Yet he does not deny that he owes the debt. Sloan's subjective ignorance of the debt is not a basis from which the Court can plausibly infer that the defendants engaged in "fraudulent" behavior that would violate § 1692e.

Sloan thus fails to plausibly allege that the defendants violated § 1692e.

### 3. 15 U.S.C. § 1692g

Sloan also fails to plausibly allege that the defendants violated § 1692g. Section 1692g, titled "Validation of debts," requires debt collectors seeking payment on an unpaid debt to provide consumers with certain information about the debt; to advise what will happen if the consumer disputes or fails to dispute it; and to notify the debtor about their right to receive the original creditor's name and address upon timely request, "if different from the current creditor." *See* 15 U.S.C. § 1692g(a). Section 1692g also requires that, if a consumer timely informs the collector in writing that the debt or any portion of it is disputed, or requests the original creditor's name and address, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor" and sends this information to the consumer. 15 U.S.C. § 1692g(b).

Sloan does not allege that the defendants failed to provide him with the information required by § 1692g(a). Nor does he plausibly allege that they violated § 1692g(b). Sloan alleges

9

that, after receiving the defendants' letter on January 8, 2025, he sent them three mailings, each containing a document titled "Notice of Claim Dispute/Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent/Applicable to All Successors and Assigns." In these notices, Sloan informed the defendants that their "claim [was] disputed and validation [was] requested" pursuant to § 1692g, and he sought certain information that he believed necessary to "validate" the debt. ECF 5-2, at 4; *see* ECF 5-3, at 4; ECF 5-4, at 4. Sloan does not, however, allege that after receiving these notices, the defendants continued their collection efforts. Indeed, he provides *no* information about what the defendants did after they received the notices he sent. From Sloan's meager allegations, the Court cannot plausibly infer that the defendants violated § 1692g(b).

Because Sloan has not alleged the first or third elements of an FDCPA claim, his FDCPA claim is dismissed without prejudice.

### B. Copyright Claim

Sloan claims that the defendants have engaged in "copyright infringement" and have used "copyrighted property in order to gain self enrichment." ECF 2, at 4. The defendants argue that Sloan fails to state a claim for copyright infringement. The Court agrees with the defendants.

To state a claim for copyright infringement, a plaintiff must allege that (1) "it possesses a valid copyright," and (2) "the defendant copied elements of its work that are original and protectable." *Copeland v. Bieber*, 789 F.3d 484, 488 (4th Cir. 2015) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 435 (4th Cir. 2010)). "To qualify for copyright protection, a work must be original to the author"; that is, it must have been "independently created by the author (as opposed to copied from other works)" and must "possess[] at least some minimal degree of

creativity." *Feist*, 499 U.S. at 345. Copyright protection does not extend to "[w]ords and short phrases such as names, titles, and slogans." *See* 37 C.F.R. § 202.1(a).

Sloan fails to state a claim for copyright infringement. He does not clearly identify any original work of authorship in which he possesses a copyright. As best the Court can tell from its review of Sloan's mailings to the defendants, Sloan appears to accuse the defendants of "infringing" his "copyright" in his own name. *See, e.g.*, ECF 5-2, at 2 ("With this letter I hereby formally DEMAND that you CEASE and DESIST any and all unlawful activities infringing on my property 'STEVEN SLOAN[.]'") (emphasis in original); ECF 5-3, at 2 (same); ECF 5-4, at 2 (same). If that is Sloan's claim, it is legally insufficient. A person's name is not subject to copyright protection. *See* 37 C.F.R. § 202.1(a). This legal theory, which is commonly associated with the "sovereign citizen" movement, has been widely rejected. *See, e.g.*, *Hendrix v. Head*, C/A No. 8:24-cv-7056-DCC-WSB, 2024 WL 5486403, at *6 (D.S.C. Dec. 12, 2024), *R&R adopted by* 2025 WL 920612 (D.S.C. Mar. 26, 2025); *Farrell v. Internal Revenue Serv.*, No. CV-21-00697-PHX-DGC, 2021 WL 4748778, at *4 (D. Ariz. Oct. 12, 2021); *Payne v. Klida*, Case No. 15-cv-14127, 2016 WL 491847, at *3 (E.D. Mich. Jan. 6, 2016), *R&R adopted by* 2016 WL 465486 (E.D. Mich. Feb. 8, 2016); *Clark v. Clark*, Civil Action No. 1:21-CV-1167, 2021 WL 4860773, at *2 (M.D. Pa. Oct. 19, 2021). Because Sloan has not alleged that he has a valid copyright, he has not alleged a copyright infringement claim.

Sloan's copyright infringement claim is dismissed without prejudice.

### C. State Law Claims

Sloan also asserts that, in connection with their collection activities, the defendants breached a contract and violated Maryland's criminal prohibition on identity fraud. The defendants argue that Sloan fails to state a claim on either basis. The Court agrees with the defendants.

To state a breach of contract claim under Maryland law, "a plaintiff need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant." *RRC Ne., LLC v. BAA Md., Inc.* 994 A.2d 430, 442 (Md. 2010). "Creation of a contract requires an offer by one party and acceptance by the other party." *Cochran v. Norkunas*, 919 A.2d 700, 713 (Md. 2007).

Sloan does not allege that the defendants owed him a contractual obligation. The "contract" to which he appears to refer is the document titled "Notice of Claim Dispute/Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent/Applicable to All Successors and Assigns," which he included in each of his January 2025 mailings to the defendants. *Compare* ECF 2, at 5 (accusing defendants of "breach of contract in the amount of $1,537.62 (per validation contract)") *with* ECF 5-2, at 4 (demanding that defendants "verify . . . that if you fail to validate the alleged debt in thirty (30) days and continue your fraudulent actions pertaining to this alleged $512.54 debt you agree to pay me, by bank check, the amount of $1,537.62"). This document is not signed by either defendant. It is signed only by Sloan and a notary public. Sloan does not allege any facts indicating that the defendants agreed to be bound by the document's terms. Because Sloan does not plausibly allege that the defendants owed him a contractual obligation, he has not stated a breach of contract claim, and this claim is dismissed without prejudice.

Sloan also accuses the defendants of violating Md. Code Ann., Crim. Law § 8-301, which prohibits identity fraud. This claim fails too. Section 8-301 is a criminal statute, and because "criminal statutes are usually couched in terms that afford protection to the public instead of a discrete, well-defined group," they "do not ordinarily create individual rights" of action. *Doe v. Broderick*, 225 F.3d 440, 447–48 (4th Cir. 2000); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable

interest in the prosecution or nonprosecution of another."). Section 8-301 prohibits a range of fraudulent conduct and protects any member of the public whose identity has been stolen. *See, e.g., Ishola v. State*, 945 A.2d 1273, 1279 (Md. 2008). The statute's protection is not limited to a "discrete, well-defined group" of people. *See Doe*, 225 F.3d at 447–48. The Court thus concludes that § 8-301 does not create a private right of action. Sloan's claim under § 8-301 is dismissed with prejudice.

### IV.     Conclusion

For the foregoing reasons, the defendants' motion to dismiss or, in the alternative, for a more definite statement, treated as a motion to dismiss, is granted.[5] A separate Order follows.

Date: October 24, 2025

_____
Deborah L. Boardman
United States District Judge

---

[5] Sloan also has filed a "request for [a] status update" in which he "request[s] the court[']s indulgence in compelling defendant[s] to answer pretrial interrogatories . . . ." ECF 12, at 1. Because Sloan's claims will not proceed, his request is denied as moot.